IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-892-MJR-DGW |
| | ) | |
| C/O BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the matter of the initial filing fee.  For the reasons set forth below, it is **RECOMMENDED** that this matter be **STAYED** pending payment of that initial filing fee, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

On October 29, 2012, District Judge G. Patrick Murphy issued an Order (Doc. 7) directing Plaintiff to pay an initial partial filing fee of $110.20.  At the time of that Order, Plaintiff had a balance of $341.70 in his prison trust fund account (with $179.01 in restrictions) (Doc. 3, p. 7) and he had the present ability to pay the initial filing fee.  At no point after the Court's Order did Plaintiff object to the amount of the initial filing fee.

On November 5, 2013, this Court issued an Order informing Plaintiff that his initial filing fee had not been paid and he was directed to pay the initial partial filing fee by January 6, 2014 or show cause, in writing by that date, why such payment has not and cannot be made.  In response,

Plaintiff indicates that he has three pending cases, that payment of the initial filing fee should have been automatically deducted from his trust fund account, and that he assumed that payment was made (Doc. 41). Plaintiff offers no statement as to his current ability to pay the initial filing fee.

The Court notes that Plaintiff has filed a number of separate lawsuits in this District in which he proceeded (or is proceeding) *in forma pauperis*:

1. 3:08-cv-858-MJR-CJP, *Williams v. Westerman, et al.*(case is closed);

2. 3:11-cv-447-DGW, *Williams v. Fahim, et al.,* (case is closed);

3. 3:11-cv-448-DGW, *Williams v. Feinerman, et al.,* (case is closed);

4. 3:11-cv-472-GPM, *Williams v. Feinerman*, et al. (case is closed however an Appellate filing fee has been assessed);

5. 3:11-cv-1043-MJR-SCW, *Williams v. M. Baker*, et al. (initial filing fee of $79.14 assessed on December 19, 2011 and paid on January 20, 2012);

6. 3:12-cv-844-MJR-SCW, *Williams v. Baker, et al.,* (initial filing fee of $145.01 assessed on August 8, 2012 and paid on August 31, 2012).

In each of these cases, Plaintiff still owes the balance of a filing fee. However, when he submitted his Motion to Proceed *in forma pauperis* in this matter, Plaintiff inexplicably stated that the question of whether he has any debts or financial obligations is not applicable (Doc. 3, p. 2).

As of the date of this Report and Recommendation, Plaintiff has not paid the initial filing fee (or any portion thereof) as assessed by the Court.

### CONCLUSIONS OF LAW

Title 28 U.S.C. § 1915(a)(1) allows a party to proceed without the *prepayment* of the entire $350.00 filing fee provided that an affidavit is submitted listing all assets that the prisoner possesses. At the time the initial filing fee was imposed, Plaintiff had the ability to pay that amount. *See Miller v. Hardy*, 497 Fed.Appx 618, 620 (7th Cir. 2012) ("The relevant inquiry is the

state of the inmate's finances at the time of filing."). The obligation to pay the initial filing fee rests with the Plaintiff, not the institution where he is housed. Plaintiff neither objected to the imposition of an initial filing fee nor has he shown that he does not have the ability to pay. Even if he has shown a present inability to pay, Plaintiff's "current poverty" does not authorize continuation of this suit "if he had the resources to comply with the statute at the time the Act called for payment" nor does it excuse the failure to comply with this Court's orders. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). Plaintiff has offered no reason why he failed to pay the initial filing fee when it was imposed on October 29, 2012.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that this matter be **STAYED** pending payment of the $110.20 initial filing fee. It is further **RECOMMENDED** that plaintiff be **ORDERED** to pay the initial filing fee within 60 days of the District Court's Order and that he be **WARNED** that the failure to pay the initial filing fee within the deadline **SHALL** result in dismissal of this lawsuit for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 23, 2014**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**