IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-0892-MJR-DGW |
| | ) |
| C/O BAKER, | ) |
| | ) |
|         Defendant. | ) |

ORDER ON MOTION TO RECONSIDER

REAGAN, District Judge:

In this civil rights action filed by Plaintiff Williams pursuant to 42 U.S.C. 1983, the undersigned District Judge entered an Order on April 18, 2014 (Doc. 49). The Order explained that in October 2012, Judge G. Patrick Murphy (to whom this case previously was assigned) had ordered Plaintiff to pay an initial partial filing fee of $110.20, that Plaintiff had not done so, that Magistrate Judge Wilkerson recommended that the Court stay this case until Plaintiff paid the $110.20, that Plaintiff was given a deadline to object to that recommendation, that Plaintiff let the deadline elapse without objecting (in fact, over two months had passed since the deadline elapsed, and Plaintiff filed no response whatsoever), and thus the undersigned District Judge was adopting Judge Wilkerson's recommendation. The result of the April 18, 2014 Order was that this case was stayed, and Plaintiff was given until June 9, 2014 to pay the $110.20 initial partial filing fee (as ordered by Judge Murphy in October 2012), or this case will be dismissed under Rule 41(b).

On April 25, 2014, Plaintiff moved "the Clerk" of Court to reconsider the April 18, 2014 Order. Plaintiff's motion explains that the failure to pay the partial filing fee in this case (12-0892, Williams v. Baker) was not his fault, that the Trust Fund Officer at Menard Correctional Center complied with the directive from the Clerk of this Court to send $79.14 for a second case of Plaintiff's (Case No. 11-1043, Williams v. Baker) and $145.10 in a third case of Plaintiff's (Case No.

Page **1** of **2**

12-0844, Williams v. Baker), and Plaintiff believed/assumed the money similarly had been sent in the instant case by the Trust Fund Officer at Stateville Correctional Center (to which Plaintiff was transferred after filing this suit).  Plaintiff further asserts that he, in fact, did attempt to file a motion "last month" addressing the filing fee issue, and he does not know why the Court did not receive that correspondence.  Plaintiff asks that the Court "not dismiss" his case based on the failure to pay the $110.20 filing fee.

The Court **GRANTS in part** and **DENIES in part** Plaintiff's April 25, 2014 motion to reconsider (Doc. 50).  First, the Court **clarifies** that this case has not been dismissed.  Rather, the Court has *stayed* the case awaiting receipt of the $110.20 filing fee from Plaintiff.

The motion is denied in that the undersigned District Judge will not vacate the April 18, 2014 Order adopting Magistrate Judge Wilkerson's Report and Recommendation.  The motion is granted in that the Court **extends to June 30, 2014** the deadline for Plaintiff to pay the $110.20 filing fee, as directed in the prior Orders at Docs. 7, 34, and 49.  The Clerk's Office shall send a copy of this Order (along with Doc. 7) to the Trust Fund Officer at Stateville Correctional Center.  (If the Trust Fund Officer has questions regarding submission of payment in this matter, they may be directed to Tanya Kelley in the Clerk's Office.)  The United States Court of Appeals for the Seventh Circuit has instructed district courts to carefully monitor and enforce the fee provisions of the Prison Litigation Reform Act.  *See, e.g., U.S. v. Antonelli*, **371 F.3d 360, 362 (7th Cir. 2004).**  The undersigned reiterates that if the $110.20 is not received by **June 30, 2014**, **this case will be dismissed** under Rule 41(b).

IT IS SO ORDERED.

DATED April 30, 2014.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge